UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY IANNOTTI,
               Petitioner,

v.

GARY MINIARD,
               Respondent.

Case Nos. 22-cv-10564
Honorable Shalina D. Kumar
Mag. Judge Jonathan J.C. Grey

---

**OPINION AND ORDER DIRECTING CLERK OF COURT TO REFILE THE INSTANT PETITION (ECF NO. 1) UNDER CASE NO. 21-12622 AND DISMISSING CASE WITHOUT PREJUDICE**

---

Petitioner Anthony Iannotti was convicted in Macomb County Circuit Court of first-degree felony murder, second-degree murder, first-degree home invasion, assault by strangulation, and multiple lesser crimes. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging these convictions. This petition is duplicative of a petition for habeas corpus already pending before the Court. *See Iannotti v. Miniard*, No. 21-12622. As such, the Court will dismiss this case without prejudice and, for reasons explained below, order the instant petition refiled in Case No. 21-12622.

I.

Petitioner's numerically-first petition, No. 21-12622, filed on October 25, 2021, challenges the same convictions and raises the same claims as the instant petition. *See Iannotti v. Miniard*, No. 21-12622. The present petition, Case No. 22-10564, was signed and deemed filed on August 19, 2021—that is, two months *before* Case No. 21-12622 was filed—but, due to a clerical error, the petition was not docketed until March 17, 2022. Because the present petition was docketed after Case No. 21-12622, it received a higher case number. Petitioner's numerically-second petition, which he styled a "protective petition", is a barebones petition lacking the supporting arguments and attachments presented in Case No. 21-12622. Petitioner explained that, because prison restrictions occasioned by the Covid-19 pandemic severely limited access to the law library, he was concerned that the one-year limitations period would expire before he could file a fully briefed petition. He filed the protective petition to guard against that possibility.

It is apparent from the papers filed in both cases that Petitioner did not intend to file two separate habeas corpus petitions, and, indeed, a habeas petitioner may not maintain duplicative actions. The Court will dismiss this numerically-second case. The Court makes no ruling on the

timeliness of the petition filed in this case or in Case No. 21-12622 but finds

that Petitioner should be given the benefit of the filing date in the present

case, August 19, 2021. The Court, therefore, will order the petition filed in

this case refiled in Case No. 21-12622.

II.

There is "no automatic right to appeal a district court's denial or

dismissal of [a habeas] petition. Instead, [the] petitioner must first seek and

obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322,

327 (2003). To receive a certificate of appealability, "a petitioner must show

that reasonable jurists could debate whether (or, for that matter, agree that)

the petition should have been resolved in a different manner or that the

issues presented were adequate to deserve encouragement to proceed

further." *Miller-El*, 537 U.S. at 336 (internal quotes and citations omitted).

The Court will decline to issue a certificate of appealability because

reasonable jurists would not find the Court's dismissal of this duplicative

habeas petition to be debatable or wrong.

III.

Accordingly, **IT IS ORDERED** that the Clerk of the Court shall file the

petition filed in Case No. 22-10564 (ECF No.1) under Case No. 21-12622.

3

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE** and a certificate of appealability is **DENIED**.


s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated:  April 12, 2022

4